UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IMAN HAKIMI,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-2215 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Iman Hakimi's motion for a temporary restraining order. (Doc. # 13).[1]

**I.     Background**

This case arises from a mortgage loan that plaintiff obtained to finance his purchase of the property located at 537 Hagens Alley, Mesquite, Nevada 89027. To evidence the loan, plaintiff executed a promissory note for $155,500.00 on September 24, 2004. (Doc. # 1-1). Countrywide Bank, N.A. secured the note with a first deed of trust. (Doc. # 1-1). The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and CTC Real Estate Services as trustee. The deed of trust was recorded with the Clark County Recorder on October 1, 2004. (Doc. # 1-1).

On December 20, 2012, MERS assigned the deed of trust to Bank of America, N.A. Bank of America recorded a substitution of trustee on September 20, 2013, naming National

---

[1] Defendants have filed a motion to dismiss which is currently not ripe for this court's consideration. (Doc. # 5).

**James C. Mahan**
**U.S. District Judge**

1  Default Servicing Corporation ("National Default") as trustee under the deed of trust.  Plaintiff
2  defaulted on the loan.
3        On September 30, 2013, National Default, as substitute trustee, recorded a notice of
4  default and election to sell against the property.  (Doc. # 1, ¶ 40).  Bank of America then
5  recorded an assignment transferring the deed of trust to MCM Capital Partners, LLC, ("MCM")
6  on February 8, 2014.  (Doc. # 1, ¶ 47).
7        National Default recorded a notice of trustee's sale against the property on April 11,
8  2014.  (Doc. # 1, ¶ 51).  National Default recorded a second notice of trustee's sale against the
9  property on September 30, 2014.  On October 21, 2014, MCM, as trustee, purchased the property
10 at foreclosure.
11       Plaintiff filed suit in the Eighth Judicial District Court for Clark County, Nevada on
12 October 14, 2014.  At the time plaintiff initiated his complaint he was represented by an
13 attorney.[2]  Defendants Bank of America and CTC Real Estate Services removed the case to this
14 court on December 30, 2014.  (Doc. # 1).  Plaintiff's complaint asserts claims for (1) lack of
15 standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4)
16 slander of title; (5) quiet title; (6) declaratory relief; (7) a violation of the Truth in Lending Act
17 ("TILA"); (8) a violation of the Real Estate Settlement Procedures Act ("RESPA"); (9)
18 contractual rescission; (10) intentional infliction of emotional distress; and (11) fraud.  (Doc. #
19 1).  Plaintiff seeks compensatory, special, general, and punitive damages, as well as an order
20 granting him ownership of the property in fee simple.  (Doc. # 1).
21       Plaintiff now seeks the instant temporary restraining order.  (Doc. # 13).  Plaintiff is
22 currently proceeding *pro se*.
23 **II.**    **Legal Standard**
24       A court may issue a temporary restraining order when the moving party provides specific
25 facts showing that immediate and irreparable injury, loss, or damage will result before the
26 adverse party's opposition to a motion for preliminary injunction can be heard.  Fed. R. Civ. P.

---

[2] The court granted plaintiff's attorney's motion to withdraw on January 26, 2015. (Doc. # 12).

**James C. Mahan**
**U.S. District Judge**

65.   "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)).  "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury."  *Id.*   (quoting *Associated Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).  The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

**III.   Discussion**

As an initial matter, the court recognizes that the plaintiff, though initially represented by an attorney, has filed the instant motion for temporary restraining order *pro se*.  Therefore, plaintiff's motion for temporary restraining order must be construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff's motion for temporary restraining order provides almost no facts.  It appears that plaintiff wishes to prevent his property from being sold at a foreclosure sale.  Plaintiff merely states that, based on his complaint, this is "a proper instance for the issuance of a Temporary Restraining Order" and that he will suffer "immediate and irreparable injury," unless the court enjoins defendants from selling his property on October 21, 2014.  (Doc. # 13).

James C. Mahan
U.S. District Judge

- 3 -

Plaintiff filed the instant motion for temporary restraining order on January 26, 2015. The sale plaintiff's motion for temporary restraining order seeks to halt occurred more than three months ago on October 21, 2014. As the sale has already passed and the property has been sold, plaintiff's motion for temporary restraining order is moot.

Further, even were the court to look at the merits of plaintiff's motion for temporary restraining order, plaintiff does not address a single one of the *Winter* factors in his motion, and would fail to satisfy the elements necessary for this court to grant a temporary restraining order.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 13) be, and the same hereby is, DENIED as moot.

DATED January 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -