UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IMAN HAKIMI,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>                              Defendant(s). | Case No. 2:14-CV-2215 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Iman Hakimi's motion to rescind writ of restitution and eviction order. (Doc. # 31). Plaintiff filed the motion on the same date, September 17, 2015, as a notice of appeal to the United States Court of Appeals for the Ninth Circuit ("9th Circuit"). (Doc. # 33). The notice appears not to give notice of appeal of this court's May 5, 2015, judgment dismissing the case for failure to state a claim for relief under Federal Rule of Civil Procedure ("Rule") 12(b)(6), but instead of a Nevada state court order, over which neither this court nor the 9th Circuit has jurisdiction.

According to Federal Rule of Appellate Procedure 4, Mr. Hakimi was required to file a notice of appeal within 30 days of the judgment. *See* FED.R.APP.P. 4(a)(1)(A). This court entered final judgment in this case on May 5, 2015. Plaintiff's notice of appeal was filed 135 days after that order—missing the FRAP 4 window by 105 days. The Rule 4(a)(1)(A) thirty-day period is subject to tolling under Rule 4(a)(4) when a party *timely* files certain motions allowed by the federal civil rules:

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

    (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

        (i) for judgment under Rule 50(b);

        (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

        (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

        (iv) to alter or amend the judgment under Rule 59;

        (v) for a new trial under Rule 59; or

        (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

FED.R.APP.P. 4(a)(4)(A)(i)-(vi).

Plaintiff appears to be under the impression that since he filed his motion to rescind writ of restitution and eviction order, he will have an additional thirty-day period in which to file the notice of appeal from the date of this courts entry of judgment, making the notice he has filed timely. Rule 4(a)(4)(A), however, requires *timely* filing of one of the enumerated motions. Plaintiff's motion was neither timely nor enumerated.[1]

Plaintiff's motion appears to be asking this court to rescind a writ and eviction notice that are part of a related action in Nevada state court, case no. 15CQ000036.[2] It cannot be, therefore, any of the motions enumerated in Rule 4(a)(4)(A)(i)-(vi), as each of these motions would apply to an order of this court. The motion could not be a 50(b) motion for judgment as a matter of law, a Rule 54(d) motion for attorney's fees, or a Rule 59 motion for a new trial. *See* FED.R.APP.P. 4(a)(4)(A)(i), (iii), and (v); FED.R.CIV.P. 52(b), 54(d), and 59. In addition, the motion cannot be a Rule 60(b) motion because it fails to state any of the reasons for filing such a motion, which are enumerated at Rule 60(b)(1)-(6).

---

[1] Ultimately the timeliness of plaintiff's notice of appeal is a question firmly within the 9th Circuit's jurisdiction. The court only discusses the matter to place plaintiff's untimely motion with this court in context.

[2] This court, of course, does not have jurisdiction to reconsider the orders of a Nevada state court.

James C. Mahan
U.S. District Judge

Moreover, the relief plaintiff seems to be requesting is relief from orders of a Nevada state court, over which this court has no jurisdiction. This court's order dismissing plaintiff's claims is not referenced or mentioned whatsoever. (*See* doc. # 31). There is nothing within this court's jurisdiction for it to reconsider.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to rescind writ of restitution and order of eviction be, and the same hereby is, DENIED.

DATED September 24, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -